# STATE OF MICHIGAN

# COURT OF APPEALS

KATHY J. MCNEW,

Petitioner-Appellant,

v

TOWNSHIP OF THORNAPPLE,

Respondent-Appellee.

UNPUBLISHED
September 22, 2016

No. 327944
Tax Tribunal
LC No. 14-007756-TT

Before: JANSEN, P.J., and K. F. KELLY and O'BRIEN, JJ.

PER CURIAM.

Petitioner, Kathy J. McNew, appeals as of right the Tax Tribunal's final opinion and judgment affirming the uncapping of the taxable value of real property owned by petitioner as the successor trustee of the Gerald A. McNew and Joyce A. McNew Revocable Living Trust for the 2013, 2014, and 2015 taxable years. We affirm.

The Gerald A. McNew and Joyce A. McNew Revocable Living Trust ("the trust") was executed on December 19, 2008. That same day, Gerald and Joyce McNew, petitioner's parents, executed a warranty deed conveying the property at issue to themselves "as tenants-by-the-entireties, for their lifetime coupled with an unrestricted power to convey the property during their lifetime or the survivor's lifetime." According to the deed, if Gerald or Joyce McNew had not conveyed the property prior to their deaths, the property was to be conveyed to the trust's successor and administered according to its terms. According to the trust, Gerald and Joyce McNew were the settlors and primary trustees, but, upon their deaths, the first successor trust would be their youngest daughter, petitioner, and, upon their death, petitioner would receive "all right, title, and interest in the front twelve (12) acres" and her three siblings would receive "all right, title, and interest in the back twenty-eight (28) acres" of the property at issue.

Joyce McNew and Gerald McNew passed away in 2010 and 2012 respectively. On July 3, 2014, respondent, the Township of Thornapple, sent petitioner a letter that provided as follows:

Part of Proposal A of 1994 requires the taxable value of property in the State of Michigan be "uncapped" in the year following a transfer of ownership. Per the language of the Gerald A. McNew & Joyce A McNew Trust, as successor trustee, the above referenced property is conveyed to you if it had not been conveyed

-1-

prior to their deaths. Since Gerald A. McNew, the survivor of Joyce A. McNew[,] passed away on April 16, 2012, the property was conveyed to you at that time. The property should have been uncapped for the 2013 tax roll.

Attached to the letter were affidavits reflecting the updated taxable values for the 2013 and 2014 taxable years in light of the uncapping.

Petitioner appealed to the Small Claims Division of the Tax Tribunal, arguing that the taxable value of the property was improperly uncapped, but the Tribunal disagreed. It concluded that, upon Gerald McNew's death in 2012, the property at issue was conveyed to the trust pursuant to the deed. Thus, because a conveyance to a trust is a transfer of ownership pursuant to MCL 211.27a(6)(c), the Tribunal concluded, the taxable value of the property was properly uncapped. Accordingly, the Tribunal concluded that respondent had correctly calculated the taxable values of the property at issue for the 2013, 2014, and 2015 taxable years. This appeal followed.

"Where fraud is not claimed, [appellate courts] review[] the tribunal's decision for misapplication of the law or adoption of a wrong principle." *Wexford Med Group v City of Cadillac*, 474 Mich 192, 201; 713 NW2d 734 (2006). Questions of statutory interpretation and application are reviewed de novo. *Gardner v Dep't of Treasury*, 498 Mich 1, 5; 869 NW2d 199 (2015). When interpreting statutory provisions, courts "follow the established rules of statutory construction, the foremost of which is to ascertain and give effect to the intent of the Legislature." *Id*. at 5-6. First, courts look to the language of the statute itself, and, if clear and unambiguous, courts "presume that the Legislature intended the meaning clearly expressed. Accordingly, the statute must be enforced as written and no further judicial construction is permitted." *Id*. at 6.

> In 1994, voters passed Proposal A, amending article 9, § 3 of the Michigan Constitution to limit the annual increase in property tax assessments and to authorize enabling legislation. The purpose of Proposal A was to limit tax increases on property as long as it remains owned by the same party, even though the actual market value of the property may have risen at a greater rate. *Toll Northville Ltd v Northville Twp*, 480 Mich 6, 12; 743 NW2d 902 (2008). The Michigan Legislature was charged with determining the specifics needed to give effect to Proposal A's mandate. See Const 1963, art 9, § 3 (providing for the reassessment of a parcel's value when ownership has been transferred "*as defined by law*") (emphasis added). The 1995 amendments of the [General Property Tax Act] fixed the cap on assessment increases at the lesser amount of either 5 percent of the assessed value of the property for the previous year or the increase in the rate of inflation from the previous year. MCL 211.27a(2). After certain "transfer[s] of ownership" occur, property becomes uncapped and thus subject to reassessment based on actual property value. MCL 211.27a(3). [*Klooster v City of Charlevoix*, 488 Mich 289, 296-297; 795 NW2d 578 (2011) (emphasis in original).]

The term "transfer of ownership" is statutorily defined in MCL 211.27a(6) as follows:

(6) As used in this act, "transfer of ownership" means the conveyance of title to or a present interest in property, including the beneficial use of the property, the value of which is substantially equal to the value of the fee interest. Transfer of ownership of property includes, but is not limited to the following:

(a) A conveyance by deed.

* * *

(c) A conveyance to a trust after December 31, 1994, except under any of the following conditions:

(*i*) If the settlor or settlor's spouse, or both, conveys the property to the trust and the sole present beneficiary or beneficiaries are the settler or the settler's spouse, or both.

(*ii*) Beginning December 31, 2014, for residential real property, if the settlor or the settlor's spouse, or both, conveys the residential real property to the trust and the sole present beneficiary or beneficiaries are the settlor's or the settlor's spouse's mother, father, brother, sister, son, daughter, adopted son, adopted daughter, grandson, or granddaughter and the residential real property is not used for any commercial purpose following the conveyance.

This statutory language is clear and unambiguous—a conveyance of real property by deed to a trust after December 31, 1994, is a "transfer of ownership" that results in the uncapping of the taxable value of the real property pursuant to MCL 211.27a(3) unless a statutory exception applies. In this case, according to the December 2008 warranty deed, if neither Gerald McNew nor Joyce McNew conveyed the property at issue before their deaths, the property would be conveyed to the trust. Thus, when Gerald McNew passed away in April 2012, the property at issue was conveyed to the trust (and to petitioner as trustee for the trust) to be administered according to the trust's terms. Thus, pursuant to MCL 211.27a(3), the conveyance of the property on April 16, 2012, to the trust constituted a "transfer of ownership" that triggered the uncapping of its taxable value.

On appeal, petitioner first argues that a transfer of ownership did not occur because "the transfer of property at issue . . . fits squarely within" a statutory exception found in MCL 211.27a(7)(s). We disagree. MCL 211.27a(7)(s) provides as follows:

(7) Transfer of ownership does not include the following:

* * *

(s) Beginning December 31, 2013 through December 30, 2014, a transfer of residential real property if the transferee is related to the transferor by blood or affinity to the first degree and the use of the residential real property does not change following the transfer. [MCL 211.27a(7)(s).]

-3-

However, as the Tribunal correctly concluded, the conveyance at issue in this case occurred on April 16, 2012, i.e., the date of Gerald McNew's death. Because MCL 211.27a(7)(s) applies only to conveyances made between December 31, 2013, and December 30, 2014, and this conveyance obviously was not made between those dates, this statutory exception does not apply. Petitioner does not address the date of the conveyance at all on appeal. Instead, she merely claims that a conveyance to the trust was basically a conveyance to Gerald and Joyce McNew's children, and we are not convinced that a conveyance to a trust is a conveyance to a "transferor by blood or affinity to the first degree" as plaintiff contends. In any event, we need not reach a conclusion in that regard because the conveyance did not occur between December 31, 2013, and December 30, 2014.

Affirmed.


/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien